### McMANUS et al. v. DURANT et al.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

CORPORATIONS (§ 211*)—SALE OF CORPORATE STOCK—SECRET PROFITS—RECOVERY—PARTIES.

A complaint by minority stockholders to compel individual defendants to account for secret profits made on a sale of stock to a corporation, also a defendant, which does not allege that the corporation received any of the profits, but which merely avers that it is chargeable with knowledge of and responsibility for the wrongs practiced on the minority stockholders, states no cause of action against the corporation as against a demurrer, since the mere fact that it may develop on the trial that the relief to which the plaintiffs may become entitled will require some action on the part of the corporation, is no authority for making it a party defendant.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 814–818, 820, 821, 823, 824; Dec. Dig. § 211.*]

Appeal from Special Term, New York County.

Action by Francis P. McManus and others, executrices of Caroline Archer, deceased, against Howard M. Durant and others, trading as W. C. Sheldon & Co., and against the Union Bag & Paper Company. From an interlocutory judgment overruling a demurrer to the complaint, interposed by the Union Bag & Paper Company, it appeals. Reversed, and demurrer sustained.

See, also, 142 App. Div. 775, 127 N. Y. Supp. 497.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Graham Sumner, of New York City, for appellant.
Louis S. Ehrich, Jr., of New York City, for respondents.

LAUGHLIN, J. The action is brought to compel the individual defendants to account to the plaintiffs for secret profits on the sale of the capital stock of the St. Gabriel Lumber Company, Limited, a Canadian corporation, to the appellant. It is alleged that the plaintiffs were minority stockholders of the company, and that the defendant Durant owned the majority of the capital stock, and acted in a fiduciary capacity to the other stockholders in negotiating a sale of the capital stock to the appellant, and by false representations induced the plaintiffs to deliver their stock and certain powers of attorney to the firm of W. C. Sheldon & Co. composed of the other individual defendants, one of whom, acting under a power of attorney from the plaintiffs, colluded and conspired with the defendant Durant to induce the plaintiffs to consent to a transfer of their stock, and that the individual defendants received promissory notes of the appellant to the extent of $67,000 as part of the purchase price of said stock, and concealed that part of the purchase price from the plaintiffs, and retained and appropriated it to their own use. It is further alleged generally that the defendants claim that they have surrendered the notes in exchange for bonds of the appellant, and have sold and disposed of the bonds, and that, if so, this was done for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the purpose of hindering and preventing the plaintiffs from obtaining their proportion of the securities, and that, if the bonds have been sold or transferred as claimed, the sale or transfer was not in good faith, and was merely colorable, and they are still subject to the claims of the plaintiffs. The relief demanded is an accounting for the secret profits, and that it be decreed that plaintiffs have an interest in the notes, and in the proceeds thereof, and in any securities received in exchange therefor, and that the defendants, other than the appellant, be enjoined from collecting or transferring or exchanging the notes or bonds or other securities, and that the defendants account for the profits realized by them upon the sale of the plaintiffs' stock, and that the appellant be enjoined and restrained from paying the notes, bonds, or any substituted securities which it may have issued therefor, and that a receiver be appointed to collect and hold the notes, bonds, and other securities, and for other and further relief. No misconduct on the part of the appellant is alleged other than a general charge that it "is chargeable with knowledge of and responsibility for" the particular misrepresentations practiced upon the plaintiffs; but the facts upon which the conclusion that the appellant is so chargeable and responsible is based are not stated. It is not alleged that the appellant received any of the profits for which the plaintiffs demand an accounting.

The only theory upon which the learned counsel for the respondents attempts to sustain the interlocutory judgment is that it may develop upon the trial that the relief to which the plaintiffs may become entitled will require some action on the part of the appellant for the full and complete protection of the rights of the plaintiffs in the premises. There is no authority for making a party defendant, even in equity, upon such a theory. The plaintiffs must show facts which warrant them in joining as a defendant one who demurs to their complaint or moves for judgment on the pleadings. In the case at bar no facts are shown tending to justify joining the appellant, and therefore the demurrer was well taken.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, but with leave to the plaintiffs to amend upon payment of the costs of the appeal and of the demurrer. All concur.